In the Matter of BENJAMIN B. SCHERMAN, an Attorney, Respondent. BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, May 25, 1972.

*H. Leonard King* and *Morris B. Gerstenhaber* for petitioner.

*Benjamin B. Scherman,* respondent in person.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on February 6, 1941. He was previously censured by this court in 1959 (7 A D 2d 446) and suspended by this court for a two-year period in 1970 (34 A D 2d 142).

In each of the two prior proceedings, the findings of the Referee that respondent had converted his clients' share of the proceeds of a settlement of a negligence action were sustained.

Serious allegations (six charges) of professional misconduct were again preferred against respondent involving, among other things, improperly withholding clients' funds, and indorsing a client's name to a settlement check without authorization. Respondent defaulted in answering the petition, although afforded additional time to interpose such answer by the Presiding Justice of this court; and he failed to attend any of the hearings before the Referee except the second, and then only to seek a further adjournment to enable him to apply for a dismissal of the proceeding. The Referee refused to adjourn the proceedings, but granted respondent two weeks within which to submit an answer or to move for a dismissal of the proceeding. Respondent served no further papers, except as hereinbelow mentioned, and declined the Referee's invitation to remain and participate in the hearing.

The Referee has sustained four of the six charges and petitioner moves to confirm his report. Respondent now cross-

moves to dismiss the proceeding alleging, *inter alia,* that petitioner's preliminary procedures violated his constitutional rights; the charges alleged are vague and insufficiently pleaded; and his failure to pay over the clients' share of settlement proceeds is attributable to pending proceedings for additional fees predicated on "extraordinary services", permissible offsets for other services rendered, the failure of the client to demand the money or the expected collection of other proceeds.

Aside from its untimeliness, we find no merit in the cross motion and it is, accordingly, denied.

The Referee's findings are fully supported by the evidence and his report is confirmed.

The respondent has been guilty of continued professional misconduct of the kind which demonstrates his unfitness to continue as a member of the Bar; and he should be disbarred. (*Matter of Fields,* 36 A D 2d 277.)

STEVENS, P. J., MARKEWICH, NUNEZ, MURPHY and STEUER, JJ.; concur.

Respondent disbarred as an attorney and counselor at law in the State of New York, effective June 26, 1972.